```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD

JAMES M. WEBSTER, JR., as
Executor of the Estate of
JAMES M. WEBSTER, SR.,

          Plaintiff,

v.                                  CIVIL ACTION NO. 1:09-0714

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.
```

## MEMORANDUM OPINION

Pending before the court is defendant's motion for summary judgment. (Doc. # 6). Plaintiff did not file a response to the motion. For reasons expressed more fully below, defendant's motion is GRANTED.

## Background

The origin of this case is a head-on collision, occurring in McDowell County, West Virginia, on May 31, 2007. On that day, Eugene Davis crashed his vehicle into a 2006 Dodge Grand Caravan operated by Rosa Lee Webster. Mrs. Webster's husband, James M. Webster Sr., was a passenger in the Caravan at the time of the accident. As a result of the car accident, Rosa Lee Webster died and James Webster Sr. sustained serious injuries.

At the time of the collision, Davis had an automobile liability insurance policy ("the Policy" or "the Davis Policy")

with defendant State Farm.  The Davis Policy, #495 5933-C15-42Q, provided, in pertinent part:

> Limits
>
> The Liability Coverage limits for bodily injury are shown on the Declarations Page under "Liability Coverage - Bodily Injury Limits - Each Person, Each Accident."
>
> The limit shown under "Each Person" is the most we will pay for all damages resulting from bodily injury to any one person injured in any one accident, **including all damages sustained by other persons as a result of that bodily injury**.  The limit shown under "Each Accident" is the most we will pay, subject to the limit for "Each Person", for all damages resulting from bodily injury to two or more persons injured in the same accident.

Exhibit 2 to Defendant's Motion for Summary Judgment at 6-7 (emphasis added and emphasis deleted).  The Davis Policy provided "Each Person" Liability Coverage Limits of $100,000.00 and "Each Accident" Liability Coverage Limits of $300,000.00.  Id. at Declarations Page.

On or about November 1, 2007, State Farm paid $100,000.00 to the Estate of Rosa Lee Webster to settle the claims of the Estate against Davis.  See Exhibits 3 and 4 to Defendant's Motion for Summary Judgment.  The Circuit Court of McDowell County approved the settlement.  See id.  A full and final release of the Estate's claims against Mr. Davis was executed by James M. Webster Jr. as Administrator of the Estate of Rosa Lee Webster.  See Exhibit 5 to Defendant's Motion for Summary Judgment.

James M. Webster Sr. filed suit against Mr. Davis in McDowell County Circuit Court seeking damages for his own personal injuries sustained in the accident.  See Exhibit 6 to Defendant's Motion for Summary Judgment.  This lawsuit was eventually settled for $100,000.00.  See Exhibits 3 and 7 to Defendant's Motion for Summary Judgment.  Mr. Webster executed a "Settlement Agreement and Release" which released State Farm and Davis of any additional liability, except to the extent there was additional liability coverage available under the Davis Policy.  See Exhibit 7 to Defendant's Motion for Summary Judgment.

James M. Webster Sr. later died.  On May 22, 2009, James M. Webster Jr., as the Executor of his father's estate, filed the instant lawsuit in the Circuit Court of McDowell County. Acknowledging that State Farm had paid the per person limits of $100,000.00 to the Estate of Rosa Webster and James M. Webster Sr., plaintiff contends that by witnessing the injuries and death of his wife, James M. Webster Sr. suffered emotional distress constituting bodily injury under the policy and "subject to a separate person maximum limitation of recovery."  Complaint ¶ 8. According to plaintiff, State Farm should pay the Estate of James M. Webster Sr. an addition $100,000.00 for his negligent infliction of emotional distress claim.

State Farm removed the case to this court and filed the instant motion for summary judgment.  State Farm argues that the

3

bystander emotional distress claims of James M. Webster Sr. are derivative of the claims of Rosa Webster.  Therefore, according to State Farm, such damages are subject to the per person limit of $100,000.00 already paid to the Estate of Rosa Webster.  In the alternative, State Farm argues that, if the bystander emotional distress damages are considered a bodily injury separate from the bodily injury to Mrs. Webster, any damages would be subject to the per person limit applicable to Mr. Webster's own bodily injury claim.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial.  Id. at 322.  If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element

4

of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51.

## **Analysis**

"When a court interprets an insurance policy, the language in an insurance policy should be given its plain, ordinary meaning." Murray v. State Farm Fire and Casualty Co., 509 S.E. 2d 1, 6 (W. Va. 1998) (internal citations and quotations omitted). And where the provisions of the policy "are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Id.

Under the plain language of the policy at issue herein, any bystander emotional distress claim of James Webster Sr. is

5

derivative of the claim of Rosa Webster and subject to the each person limit of $100,000.00.  The policy provides that "[t]he limit shown under `Each Person' is the most we will pay for all damages resulting from bodily injury to any one person injured in any one accident, **including all damages sustained by other persons as a result of that bodily injury**."  (emphasis added and deleted).  Clearly, any bystander emotional distress damages of Mr. Webster Sr. would have been sustained as a result of Mrs. Webster's bodily injury.  For this reason, defendant is entitled to summary judgment.

Although the court believes that the applicable policy language herein controls and establishes that Mr. Webster's bystander emotional distress claim is derivative of the claims of Rosa Webster,[1] it recognizes that there is a split of authority as to whether these types of claims are derivative.  As one court has explained:

> [T]hose jurisdictions that have addressed similar questions are split, forming two camps with diametrically opposed conclusions.  One camp, favoring [the insurer's] position, concludes that

---

[1] In Federal Kemper Ins. Co. v. Karlet, 428 S.E.2d 60 (W. Va. 1993), the West Virginia Supreme Court of Appeals considered the certified question of whether minor children claiming loss of parental consortium were to be treated as separate injured persons subject to separate "per person" and "per occurrence" liability limits based on language in the operative policy.  In answering the question in the negative, the Karlet court focused on the language in policy and stated that if the language in the policy had included loss of consortium as a separate bodily injury, the answer would have been different.  See id. at 64.

>under similar policies, damages for emotional distress are included within the per person limit of liability of the decedent or physically injured person. . . .
>
>Conversely, the opposite camp . . . concludes that emotional distress claims like those of the Keltners are separate and distinct claims, not subject to the "each person" liability limit of the respective insurance policy.

<u>Allstate Insurance Co. v. Tozer</u>, 298 F. Supp.2d 765, 769 (S.D. Ind. 2003), <u>rev'd</u>, 392 F.3d 950 (3d Cir. 2004) (internal citations omitted).

The court is unaware of any West Virginia decision reaching this precise issue.  However, it is not necessary for this court to predict which approach West Virginia would follow because even if West Virginia courts would adopt the view that Mr. Webster's bystander emotional distress claim was a bodily injury that was not derivative of Mrs. Webster's injury, his claim would still be subject to the "each person" limits applicable to him.  Because Mr. Webster has already been paid the "each person" limits of the Policy, no additional coverage is available to him.

Although not raised in defendant's motion, one final point is worth mentioning.  Under the express terms of the Policy, emotional distress damages of the type he is seeking might not be available to Mr. Webster even if the policy limits had not already been paid out.  According to the Policy, "Bodily Injury means bodily injury to a person and sickness, disease, or

7

death that results from it." Exhibit 2 to Defendant's Motion for Summary Judgment at 4. Therefore, it is questionable whether purely mental or emotional harm constitutes bodily injury under the Policy. Cf. Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827, 831 (W. Va. 2000) (holding that in an insurance liability policy, purely mental or emotional harm that arises from a claim of sexual harassment and lacks physical manifestation does not fall within a definition of "bodily injury" which is limited to "bodily injury, sickness, or disease").

## Conclusion

Based on the foregoing, defendant's motion for summary judgment is GRANTED. Accordingly, a separate Judgment Order of even date herewith will be entered.

The Clerk is directed to mail copies of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 19th day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge